A jury found the defendant, Abram Aviles, guilty of two counts of statutory rape of a child, G.L. c. 265, § 23A ; one count of indecent assault and battery on a child under fourteen, G.L. c. 265, § 13B ; and one count of assault with intent to rape a child, G.L. c. 265, § 24B.[2] On appeal, the defendant argues that it was an abuse of discretion for the trial judge to admit testimony of a first complaint witness where there was not a significant delay between the time of the assault and the time of the police report. We affirm.
Discussion. 1. Standard of review. When evaluating whether to admit first complaint evidence, the trial judge is in the best position to determine admissibility, and we review determinations of admissibility under an abuse of discretion standard. See Commonwealth v. Aviles, 461 Mass. 60, 73 (2011).[3]
2. First complaint witness. In Commonwealth v. King, 445 Mass. 217 (2005), the Supreme Judicial Court modified the doctrine of "fresh complaint" and renamed the body of doctrine as "first complaint" evidence. One of the primary modifications to the doctrine under King was to remove a "freshness" requirement. Id. at 242 ("[T]he timing of a complaint is simply one factor the jury may consider in weighing the complainant's testimony ... 'freshness' has no bearing on [the first complaint testimony's] admission").
The first complaint doctrine allows the person whom the victim first told of the assault to testify to the details of the victim's initial complaint and the surrounding circumstances, including the witness's "observations of the complainant during the complaint; the events or conversations that culminated in the complaint; the timing of the complaint; and other relevant conditions that might help a jury assess the veracity of the complainant's allegations or assess the specific defense theories as to why the complainant is making a false allegation." Id. at 246. This doctrine addresses the unique nature of sexual assault cases and helps counter a variety of damaging stereotypes about sexual assault victims which jurors may continue to incorrectly believe. Id. at 238-241. For instance, "[j]uror biases may be particularly strong in child rape cases, as some may attribute allegations of sexual assault to the child's imagination or improper adult influence" or because jurors "may unfairly perceive child complainants as incredible." Id. at 239-240. With an aim towards providing the jury with the maximum amount of information, first complaint testimony is considered presumptively relevant. Id. at 246-247. However, "[f]irst complaint testimony may be admitted for a limited purpose only, to assist the jury in determining whether to credit the complainant's testimony about the alleged assault. The testimony may not be used to prove the truth of the allegations." Id. at 219.
First complaint testimony "is the most pertinent to the jury's understanding of what motivated the victim to come forward and is the most useful in assessing the victim's credibility (including assessing any specific defense theories attacking that credibility )" (emphasis added). Id. at 243. This testimony "help[s] a jury assess the veracity of the complainant's allegations or assess the specific defense theories as to why the complainant is making a false allegation" (emphasis added). Id. at 246. "[A] defendant will be free to cross-examine both the first complaint witness and the complainant about the details of the complaint, and draw to the jury's attention any discrepancies in the complainant's story that come to light only as a result of this additional information." Id. at 245.
At trial, the defendant challenged the victim's credibility and argued that no sexual assault occurred.[4] On appeal, the defendant argues that the first complaint testimony, given by the victim's cousin, should have been excluded from evidence as irrelevant because the victim's complaint to police was too fresh. He argues that there was no need for the first complaint testimony because the victim immediately reported the sexual assault. This argument fails for two reasons. First, it misunderstands the doctrine of first complaint testimony. As noted above, the issue of timing is merely one factor which the jury may consider in weighing the credibility of a complainant's testimony, and does not speak to the initial admissibility of first complaint evidence. The Supreme Judicial Court recently reaffirmed the principle that questions of credibility "may be at issue even absent any delay in disclosure" and concluded that there was no abuse of discretion where a first complaint witness "provided the jury with a contemporaneous description of the victim's reaction to the defendant's actions." Commonwealth v. Kennedy, 478 Mass. 804, 814 (2018). The defendant's attempt to distinguish this recent case on factual grounds is unavailing. Second, the case here did involve a question of whether the victim immediately reported the sexual assault. The jury could have found that the victim did not immediately tell her mother or her sister, who were present in the apartment. Instead, she waited for a telephone to charge and then called her cousin.
The judge permissibly allowed the cousin's testimony and instructed the jury on the limited purpose of that testimony. Her cousin testified that she was contacted by the victim through a text message asking for help, that she then received a telephone call from the victim and that the victim described the assault, and that she picked up the victim and drove her to a hospital. The defense challenged the victim's veracity and credibility, drew attention through cross-examination to discrepancies between the victim's testimony and her cousin's testimony, and, in both the opening statement and closing argument, described the case as one "about a troubled" teenager and her "false accusation." Therefore, the judge did not abuse his discretion in allowing the first complaint testimony and permitting the jury to consider it when determining the victim's credibility.
Judgments affirmed.

The trial judge entered a required finding of not guilty as to an additional count of statutory rape of a child.

The named party in this citation is not the defendant.

At the time of the assault, the victim was thirteen years old and lived with her mother, a younger sister, and the defendant. The defendant was engaged to the victim's mother. The victim testified that she wanted to live with her biological father, and defense counsel argued to the jury that the defendant did not assault the victim but that the victim reported the assault because the defendant was not her biological father.